**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **FAITH BLAKE,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | Civil Action No. 4:23-cv-238-O |
| | § | |
| **MICHAEL SMITH,  Warden,** | § | |
| **FMC-Carswell,** | § | |
| | § | |
| **Respondent.** | § | |

**OPINION AND ORDER DISMISSING**
**PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is an amended petition for a writ of habeas corpus under 28 U.S.C. §

2241 and supporting amended brief filed by Petitioner Faith Blake ("Blake"), a federal prisoner

at FMC-Carswell. Am. Pet. 1-9, ECF No. 11; Am. Brief 1-35, ECF No. 12. The Respondent filed

a response with an appendix (ECF Nos. 15 and 16), and Blake filed a reply. ECF No. 17. Blake

has also filed a supplement to the § 2241 petition. Suppl. 1-6, ECF No. 18.[1] After having

considered the pleadings, applicable law and relief sought by Blake, the Court **DISMISSES** the

§ 2241 petition, as amended for lack of jurisdiction.

**I.     BACKGROUND**

Faith Blake owned Elite Care Pain Clinic ("Elite Care"), and she and her mother, Barbara

Lang, owned and operated Superior One Medical Clinic ("Superior One"), both in Chattanooga,

Tennessee. App. (Blake Plea Agreement) 24-26, ECF No. 16.  These clinics operated as "pill

mills" that prescribed addictive pain medication to clients who did not medically need it. *Id.* A

---

[1]Petitioner Blake filed a motion to supplement the § 2241 petition. The Court **GRANTS** that
motion (ECF No. 18) to the extend the Court has reviewed the supplemental arguments raised therein.

grand jury charged Blake, Lang, and others with conspiring to distribute controlled substances, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C), and with maintaining premises for the purpose of distributing controlled substances, in violation of 21 U.S.C. § 856(a)(1). App. (Superseding Indictment) 2-20, ECF No. 16.  Blake was also charged with failure to appear for court proceedings, in violation of 18 U.S.C. § 3146. *Id.* at 17.

Blake pleaded guilty to two counts of conspiring to distribute and disperse Schedule II, III, and IV controlled substances, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C), and (b)(1)(E), failing to appear at her bond revocation hearing, in violation of 18 U.S.C. §§ 3146(a)(1) and (b)(1)(A)(i), and obstructing and impeding the administration of internal revenue laws, in violation of 26 U.S.C. § 7212(a). App. (Plea Agreement) 22-23, ECF No. 16.  As part of her plea agreement, Blake stipulated that "the majority of the prescriptions [issued at Superior One and Elite Care] were not issued for a medical purpose." *Id.* at 24. She also stipulated that, after being indicted and released pending trial, she fled the jurisdiction, failed to appear in court as scheduled, and was later apprehended in Maryland under an assumed name. *Id.* at. 32-33.

At her sentencing, Blake objected to the presentence report and requested a downward departure. App. (*United States v. Blake*, No. 15-6114 (6th Cir. 2017) 51, ECF No. 16.  The Court, taking into account the sentences of her co-defendants and noting drug quantities are not the perfect proxy for culpability, granted her motion for a non-Guidelines sentence. *Id.* Blake was sentenced to seventeen years of imprisonment for each of the two conspiracy counts and ten years for failure to appear, all to run consecutively, for a total term of forty-four years of imprisonment. App. (Judgment) 40-42, ECF No. 16.

Blake appealed her sentence as procedurally and substantively unreasonable. App. (*United States v. Blake*, No. 15-6114 (6th Cir. 2017) 49, ECF No. 16. The United States Court of

Appeals for the Sixth Circuit disagreed and affirmed Blake's sentence. *Id*. at 57.

On December 13, 2018, Blake filed a motion to vacate her sentence under 28 U.S.C. § 2255. App. (Mem. Op and Order) 59, ECF No. 16. Blake advanced four arguments for relief: (1) the involuntariness of her plea and inadequate assistance of counsel, (2) nationwide sentencing disparities, (3) lack of consideration given to the 18 U.S.C. § 3553 factors, and (4) prosecutorial and investigational misconduct in violation of Blakes's constitutional rights. *Id.* at. 66. Blake's motion for relief under § 2255 was denied. *Id.* at 90. In March 2023, Blake and her co-defendant mother, Barbara Lang, jointly filed a voluminous § 2241 petition to initiate this case. Pet. 1-577, ECF No. 1. The Court then severed out the claims of Barbara Lang into case number 4:23-cv-252-O, and after the Court issued a deficiency order, Blake filed an amended § 2241 petition and amended brief. Am. Pet.1-9, ECF No. 11; Am. Brief 1-35, ECF No. 12.

## II.    ANALYSIS

### A.    Prior Fifth Circuit Standard for Invoking the § 2255(e) Savings Clause

A petition for writ of habeas corpus under 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 "are distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A § 2255 motion is the proper means of attacking errors that occurred at or before sentencing. *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997). By contrast, a § 2241 petition is available for attacking the manner in which a sentence is executed (e.g., for attacking how the Federal Bureau of Prisons calculates a release date when taking into account things like presentence time in custody). *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). A § 2241 petition that challenges the validity of a federal conviction and sentence, therefore, generally must either be dismissed of construed as a § 2255 motion.

Notwithstanding this general rule, a "saving clause" within § 2255(e) permits the use of a § 2241 petition to challenge the validity of a sentence in certain limited circumstances. That provision states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Hence, the Court may consider a § 2241 petition attacking a sentence's validity only if the petitioner establishes that the remedy under a § 2255 motion is "inadequate or ineffective." *See Tolliver*, 211 F.3d at 878; *see also Pack*, 218 F.3d at 452 (explaining that the petitioner has the burden to show that the section 2255 remedy is inadequate or ineffective so as to trigger the savings clause).

The bar against filing successive § 2255 motions does not render § 2255 "inadequate or ineffective" within the meaning of the savings clause. *Tolliver*, 211 F.3d at 878. Nor does the fact that a petitioner who never filed a first § 2255 motion may now be barred from doing so by the one-year statute of limitations. *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000); *Loredo v. Joslin*, No. 3:04-cv-2070-N, 2004 WL 2208124, at *1 (N.D. Tex. Oct. 1, 2004), *rep. and rec. adopted*, 2004 WL 2600502 (N.D. Tex. Nov, 12, 2004). Instead, the Fifth Circuit previously held that the savings clause of § 2255(e) applies to a claim only if:

> (1) the [§ 2241] petition raises a claim "that is based on a retroactively applicable Supreme Court decision";
>
> (2) the claim was previously "foreclosed by circuit law at the time when [it] should have been raised in petitioner's trial, appeal or first § 2255 motion"; and
>
> (3) that retroactively applicable decision establishes that "the petitioner may have

4

been convicted of a nonexistent offense."

*Santillana v. Upton*, 846 F.3d 779, 782 (5th Cir. 2017) (quoting *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010) (quoting *Reyes-Requena v. United States*, 243 F.3d 893, 895 (5th Cir. 2001))). The June 2023 decision of the Supreme Court in *Jones v Hendrix*, 599 U.S. 465 (2023), significantly changed the landscape for petitioners seeking to bring a § 2241 petition via the savings clause of § 2255(e), as explained below.

When a petitioner cannot satisfy the savings clause, the proper disposition is a dismissal of the § 2241 petition for lack of jurisdiction. *See Lang v. Wilson*, No. 4:16-cv-1018-O, 2018 WL 684890, at *3 (N.D. Tex. Feb. 1, 2018) (citing *Christopher v. Miles*, 342 F.3d 378, 379, 385 (5th Cir. 2003)).

**B.      Application of *Jones v. Hendrix* to Reject Blake's Savings Clause Claims**

In the *Jones* case, the Supreme Court recognized that "several Courts of Appeals found a workaround for those prisoners in the savings clause." *Id.* at 477. The Court determined that many circuits "[w]ith minor differences in reasoning and wording . . . held that § 2255 was 'inadequate and ineffective' under the saving clause—and that § 2241 was therefore available— when AEDPA's second-or-successive restrictions barred a prisoner from seeking relief based on a newly adopted narrowing interpretation of a criminal statute that circuit precedent had foreclosed at the time of the prisoner's trial, appeal, and first § 2255 motion." *See Jones*, 599 U.S. at 477 (citing decisions from numerous circuits including *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001), as an example of such case law). The Supreme Court disapproved of these other approaches and instead crafted a more narrow reading of when a savings clause attack on a conviction or sentence is allowed. *See Id.* ("We now hold that the savings clause

does not authorize such an end-run around AEDPA.")

       In *Jones*, the Supreme Court also recognized that:

> Congress enumerated two— and only two— conditions in which a second or
> successive § 2255 motion may proceed. Because § 2255 is the ordinary vehicle
> for a collateral attack on a federal sentence, the straightforward negative inference
> from § 2255(h) is that a second or successive collateral attack on a federal
> sentence is not authorized unless one of those two conditions is satisfied . . ..
>
> Even more directly, § 2255(h)(2)'s authorization of a successive collateral attack
> based on new rules 'of *constitutional* law' implies that Congress did not authorize
> successive collateral attacks based on new rules of *nonconstitutional* law. Had
> Congress wished to omit the work 'constitutional,' it easily could have done so.

*Id.* at 478. The Court noted that those two conditions are:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence
> as a whole, would be sufficient to establish by clear and convincing evidence that
> no reasonable factfinder would have found the movant guilty of the offense: or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral
> review by the Supreme Court, that was previously unavailable.

*Id.* at 476.

       The *Jones v. Hendrix* opinion further explained that as to those challenges that fall

outside of § 2255(h)—including challenges under § 2255(e)—that "[t]he inability of a prisoner

with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a

habeas petition under the savings clause.  It means that he cannot bring it at all." *Id.* at 480. A

prisoner such as Blake "asserting an intervening change in statutory interpretation to circumvent

AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition" may

not proceed under the saving clause. In her reply, Blake acknowledges the result of the *Jones*

decision, noting that Justice Jackson in her dissent explained: "Today, the Court holds that an

incarcerated individual who has already filed one postconviction petition cannot file another one to assert a previously unavailable claim of statutory innocence." Reply 5, ECF No.17 (quoting *Jones*, 599 U.S. at 494).

Notwithstanding her understanding of the *Jones* holding, in her reply and in her supplement, Blake argues that she is entitled to relief in this proceeding as a result of the Supreme Court's intervening decision in *Ruan v. United States*, 597 U.S. 450 (2022). Reply 6-7, ECF No. 17; Supplement 2-4, ECF No. 18.  In that case, the Supreme Court determined that, to convict a medical professional under 21 U.S.C. § 841 for dispensing controlled substances not "as authorized," "[a]fter a defendant produces evidence that he or she was authorized to dispense controlled substances, the government must prove beyond a reasonable doubt that the defendant knew that he or she was acting in an unauthorized manner, or intended to do so." *Ruan*, 597 U.S. at 454.  But this Court cannot reach the merits of Blake's *Ruan*-based argument. That is because "*Ruan*–an intervening change in statutory interpretation–no longer qualifies for the savings clause is § 2255(e) following the Supreme Court's decision in *Jones v. Hendrix*." *See Martinez v. United States*, No.4:23-cv-0154, 2023 WL 5655533, at *3 (M.D. Pa. Aug. 31, 2023) (citing *Jones*, 599 U.S. at 470-71). Several other courts have recognized that the *Ruan* decision, as in intervening change in statutory interpretation, is not a basis to invoke the savings clause. *See Okechuku  v. Salmonson*, No. 5:22-cv-135, 2023 WL 5519362, at * 11 (E.D. Tex. Aug. 1, 2023), *rep and rec adopted*, 2023 WL 5510281 (E.D. Tex. Aug. 25, 2023) (recognizing that Petitioner's reliance on *Ruan* fails to trigger the savings clause of § 2255 under *Jones*, 599 U.S. at 565); *Dixon v. Knight*, Civ. No. 23-1764 (RMB), 2023 WL 4366261, at *1 (D. N.J. Jul. 6, 2023)(holding that *Jones* precludes jurisdiction under § 2241 of Petitioner's [*Ruan* based claim]);

*Givens v. Trate*, No. 1:23-cv-0954-SKO (HC), 2023 WL 43006266, at \*3 (E.D. Cal. Jun. 30, 2023), *rep and rec adopted*, 2023 WL 5207628 (E.D. Cal. Aug. 14, 2023) (Petitioner's claim that the government failed to prove the *mens rea* component of his § 841 conviction . . . "is now foreclosed by the Supreme Court's decision in *Jones*.")

Applying this law to the instant case, Blake, who has already filed at least one § 2255 motion cannot use § 2255(e) and § 2241 to attempt to collaterally attach her convictions based on *Ruan's* intervening change in statutory interpretation. Thus, Blake can only obtain relief if she relies on either newly discovered evidence of actual innocence or a new rule of constitutional law. *Jones*, 143 S. Ct. at 469.

In support of her § 2241 petition in this matter Blake recites extensive and voluminous briefing in support the following claims: outrageous government conduct; errors in Grand Jury proceedings that warranted dismissal of the indictment; denial of her rights to confront her accuser; entrapment; malicious and selective prosecution; prosecutorial misconduct; defective search warrant; false affidavit in support of warrant; jury tampering; ineffective assistance of counsel; improper charge as multiplicious counts; and multiple sentencing challenges. Brief 1-34, ECF No. 11. But Blake fails to argue or show in her § 2241 amended petition or amended brief, that the § 2255 savings clause allows her to now bring these challenges to her conviction through a § 2241 petition.

Rather, Blake's attempt to proceed under § 2241 fails at the threshold because in none of these multiple grounds does she present newly discovered evidence that she is actually innocent. Additionally, Blake fails to identify any new rule of constitutional law retroactively applicable to her case.  For these reasons, Blake has not shown she is entitled to proceed through a § 2241

petition. *See Jones*, 599 U.S. at 469-79.

In sum, Blake fails to demonstrate any entitlement to relief and fails to show that a §
2255 remedy was "inadequate or ineffective" within the meaning of applicable precedent so as to
allow her claims to proceed with a § 2241 petition under the savings clause. Blake's claims must
fail as not based on newly discovered evidence of actual innocence or a new rule of
constitutional law. As a result, Blake's § 2241 petition must be dismissed for lack of jurisdiction.
*See Christopher*, 342 F.3d at 385 (finding that a court must dismiss a § 2241 petition for lack of
jurisdiction when the requirements of the savings clause are not met).

## III. CONCLUSION and ORDER

Accordingly, it is **ORDERED** that Faith Blake's § 2241 petition for relief under 28
U.S.C. § 2241, as amended, is **DISMISSED** for lack of jurisdiction.

**SO ORDERED** on this **27th** day of **February, 2024.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**